```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
In re: Grand Jury Subpoena    :  Misc. No. 3:16MC00172(SALM)
N-15-1-116(5)/#826            :
                              :  October 5, 2017
------------------------------x
```

**RULING ON PENDING MOTIONS**

Movant Paul Boyne ("movant") has filed a motion to compel [Doc. #11] and an application for subpoena [Doc. #12]. The government has filed a memorandum in opposition to both of the movant's filings. [Doc. #15]. For the reasons set forth below, the movant's motion to compel [**Doc. #11**] and application for subpoena [**Doc. #12**] are **DENIED**.

## 1. Background

On June 10, 2016, at the request of the government, the Clerk of Court issued a Subpoena to Testify Before a Grand Jury to Twitter, Inc. See Doc. #1 at 3. In connection with that subpoena, the government submitted an application for a non-disclosure order, which would prohibit Twitter, Inc. from disclosing the existence of the subpoena for sixty days. See id. at 1-2. Judge Joan G. Margolis granted the government's application for a non-disclosure order on June 10, 2016. See Doc. #2.

On June 12, 2017, the movant filed two motions to unseal this case. [Doc. ##3, 4]. In addition to seeking the unsealing

~1~

of this matter, the motions also sought to, inter alia, "[u]nseal, make public ALL cases/filings related to FBI case #9E-NH-7274619" and to "[s]ubpoena and make public all files related to FBI/Fusion Center Case #9E-NH-7274619." Doc. ##3, 4 at 7. The government filed a response to these motions on July 18, 2017, and stated no objection to the unsealing of this specific case. See Doc. #6 at 2.

On July 19, 2017, Judge Margolis granted the movant's motions to unseal this case, absent objection. See Doc. ##7, 8. Judge Margolis later clarified in an endorsement order issued on August 23, 2017, that although the movant's motions had been granted as to the unsealing of the case, the motions were "denied in all other respects regarding all other requests in his motions." Doc. #14 (emphasis in original).

The movant now seeks to compel disclosure of the FBI New Haven case file 9E-NH-7274619, which he previously requested be made public in his motions to unseal this case. See Doc. #11 at 1. Similarly, the movant's application for subpoena seeks the issuance of a subpoena "for the production of the unredacted FBI case file #9E-NH-7274619." Doc. #12 at 1.

## 2. Discussion

The movant's requests for the disclosure of the referenced FBI file are procedurally defective and not properly brought in the context of this miscellaneous case for several reasons.

<u>First</u>, the movant's application for subpoena is made pursuant to Federal Rule of Civil Procedure 45. <u>See</u> Doc. #12-1. The movant is not a "party" to this case.[1] Rule 45 provides: "The clerk must issue a subpoena, signed but otherwise in blank, to a **party** who requests it." Fed. R. Civ. P. 45(a)(3) (emphasis added). The movant is not named as a party in the instant matter and appears only as a non-party movant. Therefore, under the plain language of Rule 45, the movant, a non-party, cannot request the issuance of a subpoena in this matter.

<u>Second</u>, the movant has no basis to file a motion to compel under the Federal Rules of Civil or Criminal Procedure because he is a not a party to this case. <u>See</u> Fed. R. Civ. P. 37(a)(1) ("[A] **party** may move for an order compelling disclosure or discovery." (emphasis added)); <u>see also</u> Fed. R. Crim. P. 16(d)(2) (rule governing discovery and inspection in criminal cases which specifically identifies the disclosure requirements of the government to a **defendant**).

<u>Third</u>, the movant's motion to compel is not properly before the Court and provides no cause for ordering the disclosure of

---

[1] In the criminal context, subpoenas are governed by Rule 17 of the Federal Rules of Criminal Procedure. That rule provides that "[t]he clerk must issue a blank subpoena ... to the **party** requesting it[.]" Fed. R. Crim. P. 17(a) (emphasis added). Accordingly, even construing the movant's application pursuant to Rule 17 of the Federal Rules of Criminal Procedure, the application still fails as the movant is not a "party" to this case.

the referenced FBI case file. Here, the movant appears to allege a violation of his constitutional rights, as each of the movant's filings reference constitutional violations. See, e.g., Doc. ##3, 4, 11, 12, 13. The movant's prior motions to unseal this case specifically cite to 42 U.S.C. §1983, which governs civil actions for deprivation of rights, and reference an "illegal search warrant."[2] See Doc. ##3, 4 at 1, 5. To the extent the movant believes that his constitutional rights have been violated, the proper means by which to address any such alleged violation is by bringing a separate civil lawsuit. The movant has not done so.[3] The motion to compel appears to seek information which would relate to the movant's allegations that his constitutional rights have been violated. See Doc. #11 at 1-2. The motion to compel has no basis in, or relation to, this specific matter.

Accordingly, the movant's motion to compel [**Doc. #11**] and application for subpoena [**Doc. #12**] are **DENIED**.

---

[2] Notably, this case does not involve any search warrant.

[3] Although the movant's filings are captioned "Paul Boyne v. United States," the movant has not filed a civil complaint in this Court under that name.

## 3. Conclusion

For the reasons stated above, the movant's motion to compel [**Doc. #11**] and application for subpoena [**Doc. #12**] are **DENIED**.

SO ORDERED at New Haven, Connecticut, this 5th day of October, 2017.

                                                                /s/
                                      HON. SARAH A. L. MERRIAM
                                      UNITED STATES MAGISTRATE JUDGE